UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBRA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 21-293-SDD-SDJ** |
| **BANKERS LIFE & CASUALTY COMPANY, et al.** | |

## ORDER

Before the Court are the following two motions: (1) a Motion to Compel (R. Doc. 16), filed by Plaintiff, Debra Williams, on December 15, 2021; and (2) a Motion for Protective Order (R. Doc. 18), filed by Defendants, Bankers Life & Casualty Company and CNO Financial Group, Inc. (collectively, "Defendants"), on January 5, 2022. Defendants oppose Plaintiff's Motion to Compel, filing an Opposition thereto on January 5, 2022 (R. Doc. 17), with Plaintiff filing a Reply to same, with leave of Court, on January 10, 2022 (R. Doc. 22). Plaintiff, similarly, opposes Defendants' Motion for Protective Order, filing her Opposition on January 7, 2022 (R. Doc. 19). For the reasons set forth below, Plaintiff's Motion to Compel is **denied without prejudice**, and Defendants' Motion for Protective Order is **granted**.

**I.    Motion to Compel**

In her Motion to Compel, Plaintiff seeks an order compelling Defendants to respond to written discovery—interrogatories, requests for production, and requests for admission—propounded on Defendant on October 29, 2021.[1] To date, Defendants have not provided answers or objections to any of the requested discovery, despite the deadline for doing so having passed.[2]

---

[1] R. Doc. 16 at 1; R. Doc. 16-1 at 2.
[2] R. Doc. 16-1 at 2.

In their Opposition, Defendants assert that Plaintiff's claims against them are subject to a binding Arbitration Agreement.[3] Per Defendants, based on this agreement, the Court, pursuant to Section 3 of the Federal Arbitration Act ("FAA"), "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[4] As such, on July 20, 2021, Defendants each filed a Motion to Compel Arbitration in this matter and dismiss or stay the proceedings, both of which are still pending before this Court.[5] Defendants, therefore, argue that Plaintiff's discovery requests, "which were served after the parties had briefed the Motions to Compel Arbitration but before the Court has ruled on the issue, are premature."[6] Defendants continue that "[g]ranting Plaintiff's Motion to Compel and allowing discovery on substantive issues would be wasteful and inefficient and would undermine the purpose of the Federal Arbitration Act."[7] The Court agrees.

As recognized by the Fifth Circuit, it was "Congress's clear intent" for the FAA "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 500-01 (5th Cir. 2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Thus, Courts have demonstrated a proclivity to stay proceedings pending arbitration when a valid arbitration agreement exists between parties. *See Patel v. Regions Bank*, No. 18-796, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018) (finding good cause to stay discovery pending resolution of pending motions to compel arbitration); *Norman v. Travelers Ins. Co.*, No. 19-2351, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019) (granting motion to stay pending resolution

---

[3] R. Doc. 17 at 1.
[4] *Id.* (citing 9 U.S.C. § 3).
[5] *See* R. Docs. 8 and 9.
[6] R. Doc. 17 at 1.
[7] *Id.*

of pending motion to compel arbitration, in part, because of "the substantial likelihood that, if granted, it would result in the complete dismissal of this case as pending in this Court").

While the issue of a stay is not presently before the Court, based on this proclivity by courts to stay discovery pending arbitration, the Court finds that Plaintiff's Motion to Compel, filed prior to a ruling on the pending Motions to Compel Arbitration and stay or dismiss this case, is premature. Additionally, the Court notes that no scheduling order has been entered in this case yet, meaning no discovery deadlines are fast approaching, the only situation the Court could imagine would warrant a discovery motion at this time. As such, embracing its "broad discretion in all discovery matters," *Kelly v. Syrian Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000), the Court here denies Plaintiff's Motion to Compel without prejudice, to be refiled, if needed, following the resolution of Defendants' pending Motions to Compel Arbitration. However, prior to any such refiling, the Parties are instructed to confer in good faith pursuant to Federal Rule of Civil Procedure 37.

## II.  Motion for Protective Order

In their Motion for Protective Order, Defendants seek "a protective order quashing Plaintiff's discovery to Defendants pending resolution of their Motions to Compel Arbitration and quash the subpoena of Charles Smith."[8] On or about January 3, 2022, Plaintiff served a subpoena on Charles Smith for his deposition and related production of documents for January 25, 2022.[9] Given this fast-approaching deposition and document production, Defendants seek a protective order quashing both the discovery already propounded to Defendants, discussed above, as well as

---

[8] R. Doc. 18 at 1.
[9] R. Doc. 18-1 at 1.

the upcoming deposition of Charles Smith "until the Court decides its pending motions to compel arbitration."[10]

Plaintiff responds that with no ruling from the Court as to whether this case is arbitrable, "there exists no finding that Defendants met their burden of proving that Plaintiff's case should cease to be litigated in favor of arbitration."[11] Plaintiff further claims that she would be prejudiced by the issuance of a protective order, arguing that "the more time that elapses in this witness-plentiful, fact-intensive case increases the likelihood of witnesses' memories of the relevant events fading and of evidence becoming stale."[12]

Rule 26(c) allows the court where the action is pending to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Adopting the reasoning set forth in the previous section, this Court finds that good cause has been shown for the issuance of a protective order in this case for the very specific and limited purpose of quashing the outstanding written discovery requests and deposition subpoena propounded and/or issued by Plaintiff until resolution of the Defendants' pending Motions to Compel Arbitration. Should those Motions be denied, discovery can recommence immediately. However, given the likelihood that, should they be granted, this matter will be resolved outside of

---

[10] *Id.* at 2.
[11] R. Doc. 19 at 1.
[12] *Id.*

this Court, the Court finds that proceeding with discovery in this setting does not further the interest of judicial efficiency, particularly when, as stated above, there is no governing scheduling order in this case and, therefore, no impending discovery deadlines.  *See Coker v. Select Energy Servs., LLC*, 161 F.Supp.3d 492, 494-95 (S.D. Tex. 2015) (recognizing a district court "inherent power" to "control its docket and promote efficient use of judicial resources").

### III.     Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 16) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order (R. Doc. 18) is **GRANTED**.  All propounded written discovery in this matter and the deposition of Charles Smith are quashed until resolution of the pending Motions to Compel Arbitration (R. Docs. 8 and 9) by this Court.

Signed in Baton Rouge, Louisiana, on January 20, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**